AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

Clifford IDRIS Bell
_Petitioner_

v.

E. Rardin (At F.C.I Milan)
_Respondent_
(name of warden or authorized person having custody of petitioner)

)
)
)
)
)
)
)
)
)
)
)

Case: 2:24-cv-12306
Assigned To : Cox, Sean F.
Referral Judge: Altman, Kimberly G.
Assign. Date : 9/4/2024
Description: HC BELL V. RARDIN (AB)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Clifford IDRIS Bell
   (b) Other names you have used: N/A

2. Place of confinement:
   (a) Name of institution: F.C.I Milan Federal Correctional Institution
   (b) Address: P.O. Box 1000
                 Milan, Michigan 48160
   (c) Your identification number: _____

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: Western District of Michigan
          50 Luis St. NW, Ste. 300 Grand Rapids, MI 49503
      (b) Docket number of criminal case: 19-CR-262-JTN
      (c) Date of sentencing: September 8, 2020
   ☐ Being held on an immigration charge
   ☐ Other (explain): _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☐ Pretrial detention
   ☐ Immigration detention
   ☐ Detainer
   ☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☐ Disciplinary proceedings
   ☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: United States Court of Appeals
   (b) Docket number, case number, or opinion number: 19-CR-262-JTN
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): Denial of Motion to suppress
   (d) Date of the decision or action: September 8, 2020

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes    ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: United States Court of Appeals for the Sixth Circuit
       (2) Date of filing: 9-3-2021
       (3) Docket number, case number, or opinion number: Doc #43 case # 20-1884
       (4) Result: Appeal court affirmed Denial to the motion to suppress
       (5) Date of result: Filed January 6, 2022
       (6) Issues raised: (1) Whether the district court erred in denying Motion to Suppress on the basis that the challenged evidence was seized pursuant to a valid search warrant supported by probable cause (2) Whether the good faith exception to the warrant requirement would nevertheless apply.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☐ Yes     ☒ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: _____
   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: Did not file a second appeal due to the fact that after the sixth circuit's Court of Appeals affirmed the denial of the motion to suppress, I filed a petition for a writ of certiorari to Supreme Court.

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes     ☒ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: _____
   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: Did not file a third Appeal due to the fact that after the sixth circuit court of Appeals affirmed the denial of the motion to suppress, I filed a petition for a writ of certiorari to Supreme court

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes   ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑ Yes   ☐ No

If "Yes," provide:
(1) Name of court: United States District Court Western District of Michigan S. Division
(2) Case number: 1:19-CR-00262-JTN
(3) Date of filing: 10-26-2023
(4) Result: Denied
(5) Date of result: June 25, 2024
(6) Issues raised: Ineffective assistance of counsel (1) Fisher erred by "failing to disclose how much if any history or experience in actual oral argument "celis had; (2) Fisher erred "because he was my appointed counsel and therefore he should have argued the motion."

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes   ☑ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: I'm not challenging the conviction of the sentence, I'm challenging the statute of 18 U.S.C. 922(G) as being unconstitutional.

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes      ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes      ☐ No

If "Yes," provide:

(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes      ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☑ Yes      ☐ No

If "Yes," provide:
(a) Kind of petition, motion, or application: Writ of certiorari to the Supreme Court
(b) Name of the authority, agency, or court: Supreme Court of the United States
(c) Date of filing: April 5, 2022
(d) Docket number, case number, or opinion number: No. 21-7597
(e) Result: Denied
(f) Date of result: May 31, 2022
(g) Issues raised: The fourth Amendment prohibits the issuance of a warrant and the subsequent search of a personal residence based solely on a confidential informant's tip that did not identify the place to be searched.

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** The district court erred in denying my motion to suppress, also the good faith exception warrant requirement does not apply.

Page 7 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes        ☐ No

**GROUND TWO:** Ineffective Assistance of counsel

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
My appointed attorney on this case failed to explain to me why allowing his assistant to argue my case during the motion to suppress. His performance lacked the confidence and assurance that he was familiar with my situation. I never agreed with my attorney to this strategy of him not arguing my case, as well I believe the outcome of my hearing would have been different if my appointed attorney would have properly represented me.

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes        ☐ No

**GROUND THREE:** Fourth Amendment violation

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
the search warrant affidavit failed to establish probable cause because it was based on a tip provided by a C.I. unidentified to the magistrate who issued the warrant, and the police failed to corroborate the C.I.'s veracity, reliability, and basis of knowledge. Also the C.I. failed to identify the target address or otherwise describe the residence as part of his tip, thus the affidavit failed to establish the requisite nexus between the criminal activity at issue and the place to be searched.

(b) Did you present Ground Three in all appeals that were available to you?
☑ Yes        ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

**Request for Relief**

15. State exactly what you want the court to do: I would like for this court to vacate my sentence.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
__8-27-2024__

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: __8-27-24__  _____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

In the United States District Court for the

Eastern District of Michigan

Clifford Idris Bell (Petitioner)

v.                                                           Civil Action No._____

E. Rardin (Respondent)

Memorandum Brief in Support of Petition

for Writ of Habeas Corpus

To the honorable Judge of said court:

   Comes now Clifford Idris Bell, the petitioner, pro se, and respectfully moves to file this memorandum brief in support of his petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. Petitioner moves the court to issue a writ of habeas corpus directing the respondent to vacate petitioner's sentence. In support thereof petitioner will show the court as follows: *922(G)(1) unconstitutional under the Second Amendment framework established in New York State Rifle & Pistol Assn. v. Bruen 597 U.S. 1, 142 S. CT 2111, 213 L. Ed 2d 387 (2022).

Statement of the Case:

   I (Clifford Idris Bell) was indicted and charged of a single count of 922(G)(1) and sentenced to 180 months in prison. I've appealed that conviction through the Sixth Circuit Court of Appeals. As being a part of the people as expressed in the Second Amendment, I believe that the Second Amendment protects me as well. As mentioned by the Pennsylvania court in the Williams v. Gardland case, the Court determined that 922(G)(1) should not bar Williams from possessing a firearm. As well as in my case according to the Second Amendment which protects individuals like myself and Willams belongs not only to "law abiding citizens" but all people. Between 2012-2019 I've had possession of hunting licenses which requires a background check and during this time I was never denied the privilege to hunt. (Williams v. Garland, 2023 U.S. Dist. LEXIS 203304, 2023 WL 7646490 at *5 (E.D. Pa Nov 14 2023)

Statement of the facts:

"The People" who have Second Amendment rights include people convicted of felonies, that the Second Amendment's plain text thus presumtively protects my right to possess a firearm, and the government cannot rebut this presumption because it cannot establish a "relevantly similar" historical regulation on people convicted of felonies. (See Bruen 142, S. Ct. at 2132.) The Third Circuit recently held that the felon in possession staute was unconstitutional as applied to a "non-violent" felony offender. (See Rang v. Atty Gen., 69 F. 4th 96, 98-99, 106 (3d Cir. 2023)). The second amendment "refers to all members of the political community." Even after I was convicted of my first felony I've still been able to vote so technically I should still be referred to as a member of the political community. When the Second Amendment's plain text covers an individual's conduct, the constitution presumtively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." (Konigsberg, 366 U.S. at 50., N. 10, 81 S. Ct. 1997). Under Bruen, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." To carry its burden, the government must point to "historical precedent from before, during, and even after the founding that evidences a comparable tradition of regulations." (United States v. Rahimi, 61 F. 4th 443, 454 (5th Cir.)(quoting Bruen, 597 U.S. at 27)). (See also United States v. Williams 2024 U.S. Dist. LEXIS 80717 (6th Cir.))

Conclusion:

Petitioner Clifford Bell has been deprived of his constitutional rights to bear arms as provided by the Second Amendment as well as his fundamental rights guaranteed by the Fourth Amendment unreasonable search and seizure and asks to restore these rights and have his sentence vacated. Petitioner moves this court for an order

directing the judge to vacate my sentence.

Respectfully submitted on this date: **8-27-24**

Signature: *Cyl O Bell*
Pro Se



CLIFFORD
U.S. Department of Justice
Federal Bureau of Prisons
*Federal Correctional Institution*
P.O. Box 9999
East Arkona Rd.
Milan, MI 48160

Official Business
Penalty for Private Use $300

Office of the Clerk
United States District Court
231 W. Lafayette Boulevard, fifth floor
Detroit, MI 48226