UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD IDRIS BELL,

        Petitioner,        Case No. 2:24-cv-12306
                                                Hon. Sean F. Cox

v.

ERIC RARDIN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

In this habeas case filed under 28 U.S.C. §2241, FCI Milan inmate Clifford Idris Bell challenges the validity of his United States District Court for the Western District of Michigan conviction.

I

In 2020, Petitioner pled guilty in the Western District of Michigan to felon in possession of a firearm. *See United States v. Bell*, W.D. Mich. No. 1:19-cr-000262, ECF No. 48.

Petitioner filed a direct appeal, asserting that his Fourth Amendment rights were violated. The Sixth Circuit rejected the argument and affirmed. *United States v. Bell*, 2022 U.S. App. LEXIS 536 (6th Cir. Jan. 6, 2022).

Petitioner then filed a motion to vacate under 28 U.S.C. § 2255, asserting that he was denied the effective assistance of counsel. The motion was denied by order

dated June 25, 2024. *See* W.D. Mich. No. 19-262, ECF No. 70. Petitioner filed a notice of appeal, and that appeal remains pending in the Sixth Circuit. *Id.*, ECF No. 73.

The present § 2241 petition raises Petitioner's rejected Fourth Amendment and ineffective assistance of counsel claims.

II

Petitioner's claims are not cognizable under Section 2241. Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255," not in a Section 2241 petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A limited exception to this rule is found in the "savings clause" of Section 2255(e). The savings clause of Section 2255(e) allows a federal prisoner to challenge the lawfulness of his conviction or sentence under Section 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained, the savings clause cannot be used as "end run" around the procedural limitations placed on post-conviction review by Section 2255. *Jones v. Hendrix*, 599 U.S. 465, 143 S.Ct. 1857, 1868, 216 L. Ed. 2d 471 (2023).

2

Instead, the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id*. at 1866.

The narrow or unusual circumstances that could allow Petitioner to proceed under Section 2241 do not exist here. The Court found in *Jones* that the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.*, 143 S. Ct. at 1866; *Garner v. Gilley*, No. 23-5114, 2023 U.S. App. LEXIS 22246, *4 (6th Cir. Aug. 23, 2023). An example of the type of circumstance contemplated is if the sentencing court ceased to exist. *Jones*, 143 S. Ct. at 1866 ("a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose") (citing *Witham v. United States*, 355 F. 3d 501, 504-505 (6th Cir. 2004). Here, Petitioner has already unsuccessfully sought § 2255 relief, But in *Jones,* the Court bluntly stated that the inability of a prisoner to satisfy the requirements of § 2255(h) for filing a successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 143 S. Ct. at 1869.

The Court therefore lacks jurisdiction to adjudicate Petitioner's petition. *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021) (concluding that habeas petitioner had failed to show that "a section 2255 motion [was] inadequate or ineffective to challenge his sentence" and therefore directing district court to dismiss Section 2241 petition for lack of subject-matter jurisdiction).

III

For these reasons, the Court **SUMMARILY DISMISSES** the petition. *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases.

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision cannot be taken in good faith. Petitioner is therefore **DENIED** permission to appeal this decision in forma pauperis.

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under §2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Dated: September 16, 2024          s/Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge